UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA BROWN | ) Case Number |
| Plaintiff, | ) |
| vs. | ) CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| Defendant. | ) JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Tina Brown, by and through her undersigned counsel, Bruce K. Warren, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Tina Brown (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.    Venue in this District is proper in that the Defendant transacts business here and Defendant's corporate office is located in this District.

## III.    PARTIES

4.    Plaintiff, Tina Brown ("Plaintiff") is an adult natural person residing at 918 Juneau Court, Grayson GA  30017.

5.    Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Georgia and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham PA  19044.

6.    Defendant is engaged in the collection of debts from consumers using the mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    FACTUAL ALLEGATIONS

7.    Beginning in or around January of 2009 and continuing through July of 2009, Plaintiff has been and continues to receive collection calls from the Defendant.

8.    Each and every call, the agents for the Defendant ask to speak to "Tracy Brown".

9. Plaintiff is not "Tracy Brown" nor does Plaintiff know anyone by that or any similar name.

10. Plaintiff explains the issue with each agent of the Defendant who calls his home.

11. Plaintiff has repeatedly requested that Defendant's agents not call her home or business line again.

12. Defendant's agents state that it is an "Urgent financial business matter!"

13. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

14. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

15. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT ONE – FDCPA.

18. The above paragraphs are hereby incorporated herein by reference.

19. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), b(3), c(a)(1), d, d(5), d(6), e, e(10), e(11) and f.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, NCO Financial Systems, Inc. and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  July 15, 2009

BY: /s/ Bruce K. Warren
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff